IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE E. LOUCKS,** | : | CIVIL ACTION NO. 1:04-CV-0366 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JASON JAY**, et al., | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court are defendants' motions to dismiss the amended complaint (Doc. 60-1) filed by plaintiff Dwayne E. Loucks ("Loucks"). (Docs. 61, 71, 81). For the reasons set forth below, the motions filed on behalf of Jay, Lietzel, City of York, Brenner, Hill, Doe, Figge, and Barth will be granted. Rebert's motion will be denied as moot.

### I. Procedural Background

Loucks originally filed this 42 U.S.C. § 1983 action on February 20, 2004, naming Jason Jay ("Jay") and Matthew Lietzel ("Lietzel") as defendants. (Doc. 1). On March 10, 2005, defendants' motion to dismiss was granted in part and denied in part. Specifically, the motion was granted with respect to plaintiff's claims under 42 U.S.C. § 1983 for violation of the First, Fifth, Sixth, and Eighth Amendments, under 42 U.S.C. §§ 1985 and 1986 for conspiracy to violate civil rights, and under state law for negligent or intentional infliction of emotional distress. The motion was denied with respect to Loucks' claims under 42 U.S.C. § 1983 for violations of the Fourth

and Fourteenth Amendment and under state law for battery and false imprisonment. Loucks was also granted leave to amend the complaint.

On March 23, 2005, Loucks filed an amended complaint. (Doc. 60). In addition to naming Jay and Lietzel as defendants, Loucks named the City of York, John Brenner ("Brenner"), Mayor for the City of York, H. Stanley Rebert ("Rebert"), District Attorney, Police Commissioner Michael Hill ("Hill"), John Doe II ("Doe"), Commander of the York Police, and Sergeants Barth and Figge. Loucks seeks relief under 42 U.S.C. § 1983 for violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments, and under state law for common law torts. Motions to dismiss have been filed on behalf of all defendants. (Docs. 61, 71, 81).

## II.  Statement of Facts

On September 29, 2002, while at home with his mother and brother, Loucks noticed police officers outside. He went out to speak to the officers. Shortly thereafter, he went inside to get a coat. Upon his return, he alleges that defendant Jay jumped him and sprayed him in his eyes and face with Mace spray causing him to experience blurred vision and difficulty breathing. (Doc. 60-1, p. 3). Defendant Jay then threw Loucks to the floor of his front porch and began to beat him in the head with a flashlight. Defendant Lietzel hit Loucks in the right ankle and struck him with closed fists. Loucks was transported to city hall. He was not provided with medical treatment for exposure to the Mace, or for any of the injuries he suffered.

While at city hall, he was extensively questioned about burglary cases being investigated by the City of York police. Following the questioning, Loucks was chained to a bench in the hallway. He was again refused medical treatment by Officer Lietzel.

The officers advised Loucks that he would be charged with disorderly conduct and released. He was also informed that it was necessary for them to take his sneakers. Loucks executed a "Search by Consent" form and turned over his white sneakers for investigative purposes.[1] (Doc. 60-2, pp. 1, 2). He was not allowed to make a phone call and Jay and Lietzel refused to give him a ride home. Plaintiff was forced to walk home in his bare feet.

Approximately one week later, Loucks alleges that he was attacked by several officers who were armed with Mace, seeking to arrest him on burglary charges. (Doc. 60-1, p. 4). He was arrested without incident, taken to city hall and then to the county prison.

While awaiting trial on the burglary charges, Loucks was brought before the district justice on the disorderly conduct charges. Loucks was without counsel. When he asked for counsel, the district justice replied that there was no need for an attorney since he was only facing five days in jail.

---

[1] The search by consent document, which is attached as an exhibit to Loucks' amended complaint, provides a suspect with Miranda warnings and details the property that is to be searched. (Doc. 60-2).

Loucks takes issue with the fact that there was no use of force report generated by Jay and Lietzel, or by Barth, the supervisory officer. He also alleges that the City of York's use of force policy is outdated and that his constitutional rights have been violated because police officers have received inadequate training, discipline and supervision.

Lastly, Loucks alleges that he was maliciously prosecuted by defendant Rebert in violation of the Fourteenth Amendment. He takes the position that because Lietzel falsified the search by consent document, the search and seizure were illegal. Thus, the prosecution, which was based on this falsified document, was malicious. (Doc. 60-1, p. 5).

### III.   Standard of review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court

ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## IV.   Discussion

### A.   *Motion of defendants Jay and Lietzel*

Certain claims in Loucks' original complaint concerning a September 29, 2002 disorderly conduct arrest survived a motion to dismiss while others were dismissed. Loucks alleges a number of the claims in the amended complaint that were previously dismissed. Defendants seek to have these claims dismissed from the amended complaint. Specifically, Loucks has again asserted a Sixth Amendment claim, and claims for false information, retaliation acts, judicial deception, trial court vindictiveness, breach of plea, police misconduct, willful and

intentional misconduct and other common law torts. These claims will be dismissed for the reasons stated in the court's March 23, 2005 order of dismissal. (Doc. 59).

Among the claims that were allowed to proceed were Fourth Amendment claims for false arrest and a false imprisonment claim. Although defendants originally sought to dismiss the claim pursuant to Heck v. Humphrey, 512 U.S. 477(1994), because the complaint did not contain allegations concerning the disposition of plaintiff's arrest, the claims were allowed to proceed. (Doc. 59, p. 2). Defendants now ask the court to revisit these claims based upon the fact that Loucks now alleges that he was taken before a district justice on the disorderly conduct charges and that he was found guilty of the charges and sentenced to five days in jail.

Under Heck v. Humphrey, 512 U.S. 477 (1994) "[i]n order to recover damages [in a civil rights action] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Heck, 512 U.S. at 487. If the district court determines that a judgment in favor of the plaintiff would imply invalidity of the plaintiff"s conviction or sentence, the complaint must

be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

There is no indication that Louck's alleged wrongful conviction has been vacated. Therefore, any judgment in Loucks' favor would clearly imply invalidity of the underlying conviction. Further, his actual, compensable injury is "the 'injury' of being convicted and imprisoned," which is not actionable until the conviction is overturned. Gibson v. Superintendent of New Jersey Dept. Of Law and Pub. Safety - Div. of State Police, 411 F.3d 427, 452 (3d Cir. 2005) quoting Heck, 512 U.S. at 497, n. 7. Consequently, the false arrest and false imprisonment claims are subject to dismissal.

In addition to the September arrest, Loucks also challenges an arrest for burglary that took place on October 2, 2002, and the subsequent burglary prosecution. Defendants seek to dismiss any claims arising out of the October 2, 2002 arrest as barred by the statute of limitations.

A two-year statute of limitations applies to civil actions filed pursuant to 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding claims brought pursuant to § 1983 are subject to the state statute of limitations for personal injury actions); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996) (noting two-year Pennsylvania limitations period applicable to § 1983 claims). A claim under § 1983 accrues when the plaintiff knows, or has reason to know, of the injury on which the claim is based. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).

Loucks knew, or had reason to know, of his alleged legal injury on the date of the arrest, in October 2002. Thus, the claims accrued on that date. The statute of limitations expired in October 2004. However, the amended complaint was not filed until March 23, 2005. Loucks does not allege, and the record does not suggest, any "exceptional" or other circumstances that would potentially warrant equitable tolling of the limitations period in this case. See Lake v. Arnold, 232 F.3d 360, 370 & n.9 (3d Cir. 2000).

Further, the amendment does not relate back to the original pleading. An amendment of a pleading relates back when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading. FED. R. CIV. P. 15(c)(2). The new claims involve a separate arrest, different arresting police officers and a different jurist. There is no mention of this arrest in the original pleading.[2] Hence, the claims concerning the October 2002 arrest are barred by the statute of limitations and defendants' motion to dismiss the new claims will be granted.

*B.     Motion of defendants City of York, Brenner, Doe, Hill, Figge and Barth*

These defendants also seek to dismiss the amended complaint as barred by the applicable statute of limitations. The claims against these defendants, which

---

[2] The court notes with interest that the original complaint is devoid of any reference to the search by consent document which Loucks now claims Lietzel forged. (Doc. 60-2). In fact, in the original complaint, Loucks states that he was not read his rights and that he was not provided with a receipt stating the type of shoes taken or why they were taken.

arise out of the September 29, 2002, accrued on the date of the arrest, September 29, 2002. Hence, the statute of limitations expired in September 2004. The amended complaint was not filed until March 23, 2005. The amended complaint is void of any allegations that would warrant equitable tolling of the limitations period in this case. See Lake, 232 F.3d at 370 & n.9.

Federal Rule of Civil Procedure 15(c) cannot save these claims. Under this provision, claims against new parties raised in an amended complaint "relate back" to the date of filing of the original complaint for statute of limitations purposes if the parties "to be brought in by amendment . . . [have] received . . . notice of the institution of the action" within 120 days of commencement and these parties "knew or should have known that, but for a mistake concerning the identity of the proper part[ies], the action would have been brought against the[m]." FED. R. CIV. P. 15(c); see also Singletary v. Pa. Dep't of Corrs., 266 F.3d 186, 189 (3d Cir. 2001). There is no indication that the newly named defendants received actual notice of the institution of the action within the specified time period. Nor are there any facts that would lead the court to conclude that imputing knowledge upon these defendants would be appropriate.[3] Rule 15(c) does not apply in this case, and the

---

[3] Plaintiff's argument that "John Doe" is named in the original complaint is without merit. (Doc. 89-1). Review of the complaint reveals that the only reference to "John Doe" is that "[t]he superior officer in charge this day in question appeared: his name is not known to me at this time and the plaintiff will claim this person to be John Doe." (Doc. 1, p. 4, ¶ 10). There are no allegations against the superior officer. Further, "John Doe" is not named in the caption or in the "Defendants" section of the complaint. Additionally, plaintiff states that he was attacked "by the two defendants in this action before the arrest. . . ." (Doc. 1, p. 6 ¶ F).

claims against these defendants will be dismissed as barred by the statute of limitations.

    C.    *Motion of defendant Rebert*

The claims against Rebert are barred by the doctrine of absolute prosecutorial immunity and they are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

To determine whether immunity is available, the court must assess the nature of the prosecutor's role. A prosecutor is absolutely immune from suit where the allegations relate solely to the initiation and presentation of a criminal case as well as activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996 ).

The allegations against Rebert are limited to his decision to initiate and present a criminal case against Loucks. Consequently, Rebert is entitled to absolute immunity and the claims against him will be dismissed.[4] Rebert's motion to dismiss will be denied as moot.

---

[4] Prior to dismissal, "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir.2000)). Here, because amendment would be futile, there is no need to inform Loucks of an opportunity to amend. In addition to the fact that Loucks attempts to proceed against a defendant who is immune, the matter is barred by Heck. According to the state court electronic docket, http://ujsportal.pacourts.us, Loucks' Post Conviction Relief Act petition was recently granted, reinstating his direct appeal rights. However, his burglary conviction has not been invalidated.

An appropriate order will issue.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     February 1, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE E. LOUCKS,** | : | CIVIL ACTION NO. 1:04-CV-0366 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JASON JAY**, et al., | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 1st day of February, 2006, upon consideration of defendants' motions to dismiss the amended complaint (Docs. 61, 71, 81), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 61) filed on behalf of defendants Jay and Lietzel is GRANTED. Plaintiff's Sixth Amendment claim, Fourth Amendment claim for false arrest and claims for false imprisonment, false information, retaliation acts, judicial deception, trial court vindictiveness, breach of plea, police misconduct, willful and intentional misconduct and other common law torts are dismissed.

2. Plaintiff's Fourth Amendment excessive force claim, Fourteenth Amendment denial of medical care claim and his state law claim for battery will proceed. Defendants Jay and Lietzel shall file an answer to these claims within twenty days of the date of this order.

3. The motion to dismiss filed on behalf of defendants City of York, Brenner, Doe, Hill, Figge, and Barth (Doc. 81) is GRANTED. The Clerk of Court is directed to note on the docket sheet that these defendants are terminated.

4. The claims against defendant Rebert are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Clerk of Court is directed to note on the docket sheet that this defendant is terminated.

5. Defendant Rebert's motion to dismiss (Doc. 71) is DENIED as moot.

                                                  /s/ Christopher C. Conner  
                                                  CHRISTOPHER C. CONNER  
                                                  United States District Judge